# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN MILLER, individually and on behalf of all others similarly situated, | Civil No. _____ |
| Plaintiff, | |
| v. | |
| MAC COSMETICS, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant MAC Cosmetics, Inc. ("MAC"), by counsel, respectfully files this Notice of Removal from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts, and in support thereof states as follows:

## PROCEDURAL HISTORY AND NOTICE TIMING

1. On November 5, 2013, Plaintiff filed this putative class action against MAC in the Superior Court of the Commonwealth of Massachusetts, Suffolk County. The case was captioned *Lauren Miller, individually and on behalf of all others similarly situated v. MAC Cosmetics, Inc.*, Case No. 13-3931-BLS1. A true and correct copy of the Complaint ("Compl.") is attached hereto as Exhibit 1.

2. This removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of MAC's November 26, 2013 service date. *See* Acceptance and Acknowledgement of Service of Process, attached hereto as Exhibit 2.

3. MAC removes the action to the United States District Court for the District of Massachusetts, which is the judicial district embracing Suffolk County in which the action currently is pending. 28 U.S.C. § 101.

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## JURISDICTION

5. Removal is proper because this Court has original jurisdiction over the putative class action. Under the Class Action Fairness Act ("CAFA"), which is codified at 28 U.S.C. § 1332(d), jurisdiction exists because: (1) the citizenship of at least one proposed class member is different from that of MAC, the only defendant; (2) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs; and (3) the putative class action consists of at least 100 proposed class members.

**A.      Minimal Diversity of Citizenship Exists in This Case**

6. For original jurisdiction to exist under CAFA, any member of a class of plaintiffs must be a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

7. Plaintiff is a resident of and citizen of the Commonwealth of Massachusetts. Compl. ¶ 3.

8. MAC is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business in the State of New York. Compl. ¶ 4; Declaration of Lisa M. Burnett ("Burnett Decl.") ¶ 4, attached hereto as Exhibit 3. MAC is, therefore, a citizen of the State of Delaware and the State of New York.

9. Because MAC and the named Plaintiff are citizens of different states, minimal diversity of citizenship exists. See 28 U.S.C. § 1332(d). Additionally, because MAC is not a

citizen of the state in which the action was originally filed, the "home state" and "local controversy" exceptions set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) do not apply.

**B.     The Aggregate Amount in Controversy Exceeds $5 Million**

10.     For original jurisdiction to exist under CAFA, the aggregate amount in controversy must exceed $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).  Although MAC maintains that neither Plaintiff nor any member of the putative class is entitled to any relief or suffered any damage as a result of the underlying factual allegations, the aggregated recovery sought by Plaintiff in the Complaint exceeds $5 million.

11.     Where, as here, a plaintiff does not allege a specific total amount of damages, the defendant must only show by a "reasonable probability that more than $5 million is at stake in th[e] case." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 49 (1st Cir. 2009).  "This burden is not, however, a heavy one" and "because 'questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced,' the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra v. Progressive Direct Ins. Co.,* No. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012) (*quoting Amoche*, 556 F.3d at 50)).

12.     Plaintiff purports to represent a class of all others similarly situated and has filed this action against MAC alleging two causes of action: (1) unfair and deceptive business practices in violation of Mass. Gen. L. ch. 93A, §§ 2 and 9, by "collecting and recording Plaintiff's and Class members' ZIP code information for [MAC's] own promotional and marketing purposes when Plaintiff and Class members made Credit Card[1] purchases at its Massachusetts retail store locations" and (2) unjust enrichment.  Compl. ¶¶ 33-47.

---

[1]  Plaintiff uses the term "Credit Card" to mean "credit cards, debit cards, so-called hybrid cards (which can be used for credit and/or debit transactions), and/or any other device or instrument

13.     Plaintiff's proposed class is alleged to consist of all "persons whose ZIP codes were collected and recorded at any MAC Massachusetts retail location while making a Credit Card purchase from November 5, 2009 through the present." Compl. ¶ 24.

14.     Without conceding that any ZIP codes were collected or recorded by MAC in connection with a Credit Card purchase, MAC at this time cannot determine the number of ZIP codes that may have been provided by individuals at MAC Massachusetts retail locations from November 5, 2009 through the present. *See* Burnett Decl. ¶ 7.

15.     However, a review of MAC's Credit Card transactions at the four (4) Massachusetts retail locations reveal that there were over 250,000 Credit Card transactions from November 5, 2009 through December 5, 2013. *Id.* at ¶ 8.

16.     Plaintiff requests damages, attorneys' fees, and injunctive relief in her Complaint, including, *inter alia*, actual damages or statutory damages in the sum of $25 per violation, whichever is greater, double or treble damages, disgorgement of MAC's profits, and/or restitution. *See* Compl. at § VII.

17.     While MAC denies Plaintiff's claims and denies that Plaintiff and the putative class members are entitled to any damages,[2] under Plaintiff's theory of statutory damages of $25 per violation as plead in the Complaint, only 200,001 Credit Card transactions would be needed to exceed the $5 million threshold.

---

incorporated within the definition of 'Credit Card' set forth in G.L. c. 93, § 104." *See* Compl. fn. 1.

[2]  MAC also denies that Plaintiff provided an adequate written demand for relief as required by Mass. Gen. L. ch. 93A, § 9(3). Nothing contained herein constitutes or should be construed as an admission of liability or a concession by MAC that Plaintiff or the putative class will or could recover any of the claimed damages.

18.     Thus, when considering the potential costs for just Plaintiff's claim for statutory damages of $25 per violation, coupled with the potential for over 250,000 Credit Card transactions during the class period, the amount in controversy as alleged by Plaintiff clearly exceeds $5 million.

19.     Further, the Complaint demands much more than just statutory damages of $25 per violation. Plaintiff also seeks double or treble damages, disgorgement of MAC's profits and/or restitution, attorney's fees, and injunctive relief, all of which may be considered in determining the amount in controversy. See Compl. ¶ 42, § VII.

20.     Attorneys' fees can be "included in an assessment of the amount in controversy when provided by statute." *Speilman v. Genzyme Corp.*, 193 F.R.D 19, 21 (D. Mass. 2000). Here, Plaintiff seek attorneys' fee pursuant to Mass. Gen. L. ch. 93A, § 9. See Compl. ¶ 42, § VII. Mass. Gen. L. ch. 93A, § 9(4) provides that "[i]f the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action." This amount can be over and above the statutory damages of $25 per violation, as well as the double or treble of actual damages, clearly establishing that Plaintiff's allegations exceed the amount-in-controversy.

21.     The Court may also consider any request for injunctive relief in determining the amount in controversy, with the value of injunctive or declaratory relief "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver, Comm'n,* 432 U.S. 333, 347 (1977). Plaintiff obviously believes injunctive relief has some value to her. This further

5

demonstrates that when considering Plaintiff's allegations in the Complaint the amount-in-controversy requirement is met.

### C.    Membership in the Putative Class Exceeds 100 Persons

22.    Under CAFA, the Court shall decline to exercise jurisdiction of a class action if "the number of members of all proposed plaintiffs classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).  The putative class as pled consists of "at least hundreds, if not thousands of Class members, since there are [four] MAC retail locations in Massachusetts," with the Class potentially consisting of hundreds of thousands of members given the number of Credit Card transactions during the class period.  Compl. ¶ 27; Burnett Decl. ¶ 8.  Therefore, the threshold requirement for jurisdiction under CAFA is satisfied.

### D.    Notice to State Court and Adverse Party

23.    A notice of this removal, together with a copy of this Notice, shall be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, and shall be served on opposing counsel.

### E.    No Grounds Exist for the Court to Decline Jurisdiction

24.    CAFA permits a district court to decline jurisdiction of a case only if the requirements of § 1332(d)(3) or § 1332(d)(4)(A) or (B) are satisfied.  These sections do not apply here, however, because no defendant is a citizen of the Commonwealth of Massachusetts.

Accordingly, based upon the foregoing, MAC hereby removes this case from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.

Dated: December 12, 2013

Respectfully submitted,

/s/ Matthew C. Baltay
Matthew C. Baltay
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1262
mbaltay@foleyhoag.com

*COUNSEL FOR DEFENDANT MAC COSMETICS, INC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing on Plaintiff's counsel, via U.S. Mail and email, at the addresses listed below:

**PLAINTIFF'S COUNSEL:**

David Pastor
Pastor Law Office, LLP
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02110
Telephone: (617) 742-9700
dpastor@pastorlawoffice.com

Preston W. Leonard
Leonard Law Office, LLP
139 Charles Street, Suite A121
Boston, Massachusetts 02114
Telephone: (617)-329-1295
pleonard@theleonardlawoffice.com

/s/ Matthew C. Baltay